**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRLAN, DBA Vinyard Valley Center, | No. 09-55662 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00119-VAP |
| v. | |
| AFFILIATED FM INSURANCE COMPANY, a Corporation, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| AXIS SPECIALTY US SERVICES, INC., a Corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted November 1, 2010
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff-Appellant Mirlan appeals the district court's denial of its motion for summary judgment and grant of summary judgment in favor of Defendant-Appellee Affiliated FM Insurance Company. We have jurisdiction under 28 U.S.C. § 1291. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We affirm.

In an action on an insurance policy, "it is well settled that '[t]he burden is on an insured to establish that the [event] forming the basis of its claim is within the basic scope of insurance coverage .'" *Dart Inds., Inc. v. Commercial Union Ins. Co.*, 52 P.3d 79, 87 (Cal. 2002). Here, the insurance policies cover "the actual loss of income sustained by the insured resulting directly from the necessary untenantability, caused by loss, damage or destruction by any of the perils covered herein . . . to real or personal property." Mirlan must therefore show that its losses resulted directly from the necessary untenantability caused by the fire, rather than its own conduct after the fire.

After the fire rendered three tenant spaces untenantable, Mirlan represented to its tenants that they would not have to continue paying rent. However, Mirlan's tenant leases provided that the tenants were required to continue paying rent even if fire made the spaces untenantable or there were repairs made to the property. The leases also required the tenants to purchase business interruption insurance.

2

Based on these provisions, Mirlan's tenants would have been required to continue paying rent but for Mirlan's own representations that they had no obligation to do so. Because there is no evidence in the record that Mirlan would have incurred rental income losses after the fire, Mirlan does not meet its burden to show that its claim falls within the scope of insurance coverage. Because this issue is dispositive, we do not reach the remaining issues.

**AFFIRMED**.